

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

DEBRA MARCH
phone: (212) 356-2410
fax: (212) 356-3508
dmarch@law.nyc.gov

April 8, 2019

**BY ECF**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   Brown v. the City of New York, et al.,
              19-CV-1575 (NGG) (RML)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the City of New York in the above-referenced matter. On information and belief, the City was served on March 20, 2019, with a response due on April 10, 2019. I write to respectfully request an additional sixty days from April 10, 2019 to June 10, 2019 to respond to the complaint on the City's behalf. Plaintiff's counsel, Robert Marinelli, consents to the City's request for a sixty day extension.

      Plaintiff alleges, *inter alia*, that he was subjected to medical indifference in violation of his constitutional rights. (See Civil Docket Entry No. 1). By way of background, plaintiff alleges that on or about May 6, 2018 he was arrested for shoplifting, informed officers he needed insulin, and officers ignored his request. (Id.) Plaintiff further alleges that he complained that he needed treatment at the 83rd Precinct and at Central Booking. (Id.) According to the Complaint, at some point an ambulance was called and plaintiff arrived at Brooklyn Hospital. (Id.) Apparently plaintiff was released from the hospital on or about May 10, 2018, taken to the 88th Precinct, and at some point asked to be returned to the hospital. (Id.) Plaintiff alleges that he was transported to Central Booking, placed in a cell, became ill, and was taken to Woodhull Hospital. (Id.) Plaintiff also alleges he was released on May 12 from the hospital, returned to Central Booking, and eventually pled guilty to disorderly conduct and received a conditional discharge. (Id.) Upon receipt of his Complaint, this office reached out to plaintiff's counsel to obtain the necessary releases pursuant to HIPAA and C.P.L. 160.50. We have received some of the releases, and are in the process of obtaining the remaining releases. Because these claims

- 2 -

involve medical treatment any paperwork related to plaintiff's treatment are sealed under HIPAA. In addition, documents generated by the District Attorney's Office and the Criminal Court relating to plaintiff's May 6, 2018 arrest may require a release to obtain documentation. These records may contain information relevant to plaintiff's allegations of medical indifference. This extension may allow this Office to obtain the necessary documents in order to meaningfully respond to plaintiff's Complaint.

No previous request for an enlargement of time to respond to the Complaint has been made by this Office. Accordingly, this Office respectfully requests that the Court grant an enlargement of time for the City to answer or otherwise respond to the Complaint until June 10, 2019.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Debra March
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **ECF**
Robert Marinelli
*Attorney for plaintiff*