UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MALIEK BROWN,

                                        Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                                     Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT THE CITY OF NEW YORK**

19-CV-1575 (NGG) (RML)

<u>Jury Trial Demanded</u>

ECF Case

------------------------------------------------------------------------ x

        Defendant the City of New York (hereinafter referred to as "Defendant"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Denies the allegations in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        3. Denies the allegations in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Denies the allegations in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue in this District as stated therein.

        5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint.

6. Denies the allegations in paragraph "6" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

7. Denies the allegations in paragraph "7" of the Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Complaint.

9. Denies the allegations in paragraph "9" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, except state that the allegations that the defendants "were acting under color of state law and/or in compliance with the official rules, regulations, law, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York" is a legal conclusion to which no response is required.

10. Denies the allegations in paragraph "10" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, except state that the allegations that "the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK" is a legal conclusion to which no response is required.

11. Denies the allegations in paragraph "11" of the Complaint, except admits that plaintiff was arrested on May 6, 2018 in the vicinity of 755 Broadway in Brooklyn for petit larceny.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Complaint, except admit that on May 6, 2018 plaintiff was taken to the 83rd Precinct.

14. Denies the allegations in paragraph "14" of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "he again requested to a plaintiff be taken to the hospital" and that "his request was ignored."

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Complaint.

26. Denies the allegations in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Complaint.

28. Denies the allegations in paragraph "28" of the Complaint, except admit, on information and belief, that plaintiff was at Brooklyn Hospital from May 7, 2018 until May 11, 2018.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Complaint.

30. Denies the allegations in paragraph "30" of the Complaint, except admits that on information and belief on May 11, 2018 plaintiff was discharged from Brooklyn Hospital.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Complaint.

38. Denies the allegations in paragraph "38" of the Complaint, except admit, on information and belief, that plaintiff was at Woodhull Medical Center on May 12, 2018.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint, except admit, on information and belief, that plaintiff was at Woodhull Medical Center on May 12, 2018.

41. Denies the allegations in paragraph "41" of the Complaint, except admit that on information and belief on May 12, 2018 plaintiff left Woodhull Medical Center and went to Kings Central Booking.

42. Denies the allegations in paragraph "42" of the Complaint, denies knowledge or information sufficient to form a belief as to the truth regarding the allegations as to what

plaintiff pled to and whether he was given a conditional discharge, except admit that on information and belief plaintiff pleaded guilty on May 12, 2018

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the Complaint.

44. Denies the allegations in paragraph "44" of the Complaint.

45. Denies the allegations in paragraph "45" of the Complaint.

46. Denies the allegations in paragraph "46" of the Complaint, except state they are legal conclusions to which no response is required.

47. Denies the allegations in paragraph "47" of the Complaint.

48. Denies the allegations in paragraph "48" of the Complaint.

49. Denies the allegations in paragraph "49" of the Complaint.

50. Denies the allegations in paragraph "50" of the Complaint, except state that "carried out under the color of state law" are legal conclusions to which no response is required.

51. Denies the allegations in paragraph "51" of the Complaint.

52. Denies the allegations in paragraph "52" of the Complaint, except state that "in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto" is a legal conclusion to which no response is required.

53. Denies the allegations in paragraph "53" of the Complaint.

54. Denies the allegations in paragraph "54" of the Complaint.

55. Denies the allegations in paragraph "55"of the Complaint.

56. Denies the allegations in paragraph "56" of the Complaint.

57. In response to the allegations in paragraph "57" of the Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

58. Denies the allegations in paragraph "58" of the Complaint.

59. Denies the allegations in paragraph "59" of the Complaint.

60. In response to the allegations in paragraph "60" of the Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

61. Denies the allegations in paragraph "61" of the Complaint.

62. Denies the allegations in paragraph "62" of the Complaint.

63. Denies the allegations in paragraph "63" of the Complaint, except admit that plaintiff purports to seek the relief stated therein.

64. In response to the allegations in paragraph "64" of the Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

65. Denies the allegations in paragraph "65 of the Complaint.

66. Denies the allegations in paragraph "66" of the Complaint.

67. Denies the allegations in paragraph "67" of the Complaint, except admit that plaintiff purports to seek the relief stated therein.

68. In response to the allegations in paragraph "68" of the Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

69. Denies the allegations in paragraph "69" of the Complaint.

70. Denies the allegations in paragraph "70" of the Complaint.

71. Denies the allegations in paragraph "71" of the Complaint.

72. Denies the allegations in paragraph "72" of the Complaint.

73. Denies the allegations in paragraph "73" of the Complaint.

74. Denies the allegations in paragraph "74" of the Complaint.

75. Denies the allegations in paragraph "75" of the Complaint.

76. Denies the allegations in paragraph "76" of the Complaint.

77. Denies the allegations in paragraph "77" of the Complaint.

78. Denies the allegations in paragraph "78" of the Complaint, except admit that plaintiff purports to seek the relief stated therein.

## FIRST AFFIRMATIVE DEFENSE

79. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

80. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

## THIRD AFFIRMATIVE DEFENSE:

81. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE:

82. Punitive damages cannot be assessed against defendant City of New York.

## FIFTH AFFIRMATIVE DEFENSE:

83. Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 10, 2019

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for City of New York*

By:    /S/

Debra March
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-2410