

| | THE CITY OF NEW YORK | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOSEPH ZANGRILLI**<br>*Senior Counsel*<br>Phone: (212) 356-2657<br>Fax: (212) 356-3509<br>jzangril@law.nyc.gov |

April 13, 2020

**BY ECF**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Brown v. City of New York, et al.,
                 19-CV-1575 (NGG) (RML)

Your Honor:

      I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. I write on behalf of the defendant City to respectfully request that the Court stay the present civil proceeding in its entirety for ninety (90) days in light of the recent developments surrounding the COVID-19 pandemic.[1] Plaintiff's counsel, Robert Marinelli, Esq. consents to a stay of thirty (30) days.[2]

      By way of background, plaintiff brings this action alleging that the defendants intentionally delayed in responding to his requests for medical care and exacerbated plaintiff's serious medical condition. Plaintiff also alleges that following his arrest, the defendants delayed him of his right to a prompt arraignment. As a result, plaintiff now brings federal claims under the Fourth, Fifth and Fourteenth Amendments for deliberate indifference to medical need, failure to intervene, delay in arraignment and municipal liability. During the last telephone conference held on March 5, 2020, the Court set the close of discovery for August 7, 2020. The Court also scheduled a conference for July 21, 2020. To date, the parties have exchanged document requests

---

[1] Plaintiff filed an Amended Complaint on March 4, 2020 but has not served the individually named defendants, thus, this request is only made on behalf of the defendant City.

[2] Plaintiff's counsel also requests that the parties be permitted to submit a status letter to the Court, prior to the conclusion of the thirty (30) days.

and interrogatories but at this time the parties acknowledge that completion of these discovery requests will prove difficult, if not impossible, for the reasons discussed below.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

Three days later, on March 16, 2020, the United States District Court for the Eastern District of New York ("Eastern District") issued Administrative Order 2020-06, which, *inter alia*, encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable, and to "adjourn matters or deadlines, or stay litigation, where in-person meetings, interviews, depositions, or travel would be necessary to prepare for any such proceedings." On March 17, 2020, the Eastern District issued Administrative Order 2020-08, further limiting access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, although most communication may be exchanged through the use of ECF or email, some correspondence, particularly correspondence pertaining to discovery, still requires the use of regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from plaintiffs, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus.

As another example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business. As the Court may recall, following the last conference, it was determined that further discovery was needed to assess the case for settlement purposes Furthermore, although the City has answered plaintiff's amended complaint, the individual officers have not been served. As a result, this Office is unable to make any determinations with regard to representation.

In addition, the agencies the defendant City must regularly communicate and coordinate with, *e.g.*, the New York City Police Department ("NYPD") and the Department of Corrections ("DOC"), are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of

the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

Working from home also creates complications in regards to coordinating and taking depositions. First, the logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological capabilities. Second, preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means, and conferring on matters of privilege. Third, as all police officers have been mobilized to patrols and other essential matters during this state of emergency, their availability to appear at a deposition is significantly reduced. And, even if officers are available, they must be on duty to sit for a deposition, and may be restricted to appearing from police precincts. This raises additional concerns with respect to the use of a camera or video at that location, including concerns regarding the privacy of arrestees and victims who may be present; viewing privileged and confidential material in such a public location; and interference from telephones, radios, and other background noise inherent to that setting. Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

As previously mentioned, the deadline for the parties to complete discovery is August 7, 2020. Based on the current circumstances, defendant City believes it will not be possible to make representation decisions regarding the newly named defendants, carry out paper discovery including document requests and interrogatories, complete depositions and conduct expert discovery within that timeframe.

For the reasons set forth above, the defendant City respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. This will give this Office and the parties the time and opportunity needed to adjust to these new circumstances.

Thank you for your consideration.

                                        Respectfully submitted,

                                          /s/

                                        Joseph Zangrilli
                                        *Senior Counsel*

Cc:    <u>BY ECF</u>
        All counsel