UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MALIEK BROWN,

                                 Plaintiff,

           -against-

CITY OF NEW YORK, P.O. LAUREN MORALES, P.O.
MIKE HASTINGS, P.O. BRANDON DIAZ, P.O.
ANDREW DAWKINS, P.O. COLIN GORDON, P.O.
PAUL LATTANZIO, P.O. JULIO APOLINARIS, P.O.
EMAD HAWATMEH, SGT.OSAMAH SALEM, P.O.
MICHAEL CONSTANTINOU, Cpt. WILLIAM TOBIN,
JOHN and JANE DOE 1 through 10, individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                 Defendants.

------------------------------------------------------------------------ x

**ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANT THE CITY OF NEW YORK**

19-CV-1575 (NGG)(RML)

<u>Jury Trial Demanded</u>

        Defendant the City of New York (hereinafter referred to as "Defendant"), by its attorney, James E. Johnson, Corporation Counsel of the City of New York, for its Answer to the Second Amended Complaint filed December 11, 2020, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations in paragraph "1" of the Second Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations in paragraph "2" of the Second Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

        3. Denies the allegations in paragraph "3" of the Second Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Denies the allegations in paragraph "4" of the Second Amended Complaint, except admits that plaintiff purports to base venue in this District as stated therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Second Amended Complaint.

6. Denies the allegations in paragraph "6" of the Second Amended Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

7. Denies the allegations in paragraph "7" of the Second Amended Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Second Amended Complaint.

9. Denies the allegations set forth in paragraph "9" of the Second Amended Complaint, except admits that P.O. Lauren Morales, Cpt. William Tobin, P.O. Mike Hastings, P.O. Brandon Diaz, P.O. Andrew Dawkins, P.O. Colin Gordon, P.O. Paul Lattanzio, P.O. Luke Repalone, P.O. Mohammed Uddin, P.O. Julio Apolinaris, P.O. Emad Hawatmeh, Sgt. Osamah Salem and P.O. Michael Constantinou were employees of the New York City Police Department on May 6, 2018.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Second Amended Complaint

11. Denies the allegations in paragraph "11" of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, except state that the allegations that the defendants "were

acting under color of state law and/or in compliance with the official rules, regulations, law, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York" is a legal conclusion to which no response is required.

12. Denies the allegations in paragraph "12" of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, except state that the allegations that "the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK" is a legal conclusion to which no response is required.

13. Denies the allegations in paragraph "13" of the Second Amended Complaint, except admits that plaintiff was arrested on May 6, 2018 in the vicinity of 755 Broadway in Brooklyn for petit larceny.

14. Denies the allegations in paragraph "14" of the Second Amended Complaint as it relates to Morales, Dawkins and Diaz and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants.

15. Denies allegations in paragraph "15" of the Second Amended Complaint as it relates to the named defendants and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, except admit that on May 6, 2018 plaintiff was taken to the 83rd Precinct.

16. Denies the allegations in paragraph "16" of the Second Amended Complaint as it relates to Officers Hawatmeh and Salem.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the Second Amended Complaint.

18. Denies the allegations in paragraph "18" of the Second Amended Complaint as it relates to the named defendants, including Officers Hawatmeh and Salem, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants.

19. Denies the allegations in paragraph "19" of the Second Amended Complaint as it relates to the named defendants and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Second Amended Complaint.

21. Denies the allegations in paragraph "21" of the Second Amended Complaint as it relates to the named defendants and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Second Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Second Amended Complaint.

24. Denies the allegations in paragraph "24" of the Second Amended Complaint as it relates to the named defendants and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Second Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Second Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Second Amended Complaint.

28. Denies the allegations in paragraph "28" of the Second Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Second Amended Complaint.

30. Denies the allegations in paragraph "30" of the Second Amended Complaint, except admit, on information and belief, that plaintiff was at Brooklyn Hospital from May 7, 2018 until May 11, 2018.

31. Denies the allegations in paragraph "31" of the Second Amended Complaint as it relates to Officers Gordon, Lattanzio and Repalone, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Second Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the Second Amended Complaint, except admits that on information and belief on May 11, 2018 plaintiff was discharged from Brooklyn Hospital.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Second Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Second Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Second Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Second Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Second Amended Complaint.

39. Denies the allegations in paragraph "39" of the Second Amended Complaint, except admit, on information and belief, that plaintiff was taken to Woodhull Medical Center on May 12, 2018.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Second Amended Complaint.

41. Denies the allegations in paragraph "41" of the Second Amended Complaint as it relates to Officers Uddin, Apolinaris and Constantinou and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, except admit on information and belief, that plaintiff was at Woodhull Medical Center on May 12, 2018.

42. Denies the allegations in paragraph "42" of the Second Amended Complaint, except admit that on information and belief on May 12, 2018 plaintiff left Woodhull Medical Center and went to Kings Central Booking.

43. Denies the allegations in paragraph "43" of the Second Amended Complaint, except admit that on information and belief plaintiff pleaded guilty to Disorderly Conduct on May 12, 2018.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the Second Amended Complaint.

45. Denies the allegations in paragraph "45" of the Second Amended Complaint.

46. Denies the allegations in paragraph "46" of the Second Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Second Amended Complaint.

48. Denies the allegations in paragraph "48" of the Second Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Second Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the Second Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the Second Amended Complaint.

52. Denies the allegations in paragraph "52" of the Second Amended Complaint.

53. Denies the allegations in paragraph "53" of the Second Amended Complaint.

54. Denies the allegations in paragraph "54" of the Second Amended Complaint.

55. Denies the allegations in paragraph "55" of the Second Amended Complaint.

56. Denies the allegations in paragraph "56" of the Second Amended Complaint, except state they are legal conclusions to which no response is required.

57. Denies the allegations in paragraph "57" of the Second Amended Complaint.

58. Denies the allegations in paragraph "58"of the Second Amended Complaint.

59. Denies the allegations in paragraph "59" of the Second Amended Complaint.

60. Denies the allegations in paragraph "60" of the Second Amended Complaint, except state that "carried out under the color of state law" is a legal conclusion to which no response is required.

61. Denies the allegations in paragraph "61" of the Second Amended Complaint

62. Denies the allegations in paragraph "62" of the Second Amended Complaint, except state that "in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto" is a legal conclusion to which no response is required.

63. Denies the allegations in paragraph "63" of the Second Amended Complaint.

64. Denies the allegations in paragraph "64" of the Second Amended Complaint, except state that "while acting under the color of state law" is a legal conclusion to which no response is required.

65. Denies the allegations in paragraph "65"of the Second Amended Complaint.

66. Denies the allegations in paragraph "66"of the Second Amended Complaint.

67. In response to the allegations in paragraph "67" of the Second Amended Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

68. Denies the allegations in paragraph "68" of the Second Amended Complaint.

69. Denies the allegations in paragraph "69" of the Second Amended Complaint.

70. In response to the allegations in paragraph "70" of the Second Amended Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

71. Denies the allegations in paragraph "71" of the Second Amended Complaint.

72. Denies the allegations in paragraph "72" of the Second Amended Complaint.

73. Denies the allegations in paragraph "73" of the Second Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

74. In response to the allegations in paragraph "74" of the Second Amended Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

75. Denies the allegations in paragraph "75 of the Second Amended Complaint.

76. Denies the allegations in paragraph "76" of the Second Amended Complaint.

77. Denies the allegations in paragraph "77" of the Second Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

78. In response to the allegations in paragraph "78" of the Second Amended Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

79. Denies the allegations in paragraph "79" of the Second Amended Complaint.

80. Denies the allegations in paragraph "80" of the Second Amended Complaint.

81. Denies the allegations in paragraph "81" of the Second Amended Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "82" of the Second Amended Complaint.

83. Denies the allegations in paragraph "83" of the Second Amended Complaint.

84. Denies the allegations in paragraph "84" of the Second Amended Complaint.

85. Denies the allegations in paragraph "85" of the Second Amended Complaint.

86. Denies the allegations in paragraph "86" of the Second Amended Complaint, except state that "acting under color of state law" is a legal conclusion to which no response is required.

87. Denies the allegations in paragraph "87" of the Second Amended Complaint.

88. In response to the allegations in paragraph "88" of the Second Amended Complaint, defendant repeat and realleges the responses in the preceding paragraphs of this answer, as if fully herein.

89. Denies the allegations in paragraph "89" of the Second Amended Complaint, except state that "acting under the color of state law" is a legal conclusion to which no response is required.

90. Denies the allegations in paragraph "90" of the Second Amended Complaint.

91. Denies the allegations in paragraph "91" of the Second Amended Complaint.

92. Denies the allegations in paragraph "92" of the Second Amended Complaint.

93. Denies the allegations in paragraph "93" of the Second Amended Complaint.

94. Denies the allegations in paragraph "94" of the Second Amended Complaint.

95. Denies the allegations in paragraph "95" of the Second Amended Complaint.

96. Denies the allegations in paragraph "96" of the Second Amended Complaint, except state that "acting under the color of state law" is a legal conclusion to which no response is required.

97. Denies the allegations in paragraph "97" of the Second Amended Complaint.

98. Denies the allegations in paragraph "98" and all subparts of the Second Amended Complaint.

99. Denies the allegations in paragraph "99" of the Second Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

**FIRST AFFIRMATIVE DEFENSE**

100. The Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

101. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

**THIRD AFFIRMATIVE DEFENSE:**

102. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**FOURTH AFFIRMATIVE DEFENSE:**

103. Punitive damages cannot be assessed against defendant City of New York.

**FIFTH AFFIRMATIVE DEFENSE:**

104. Plaintiff has failed to mitigate his alleged damages.

**SIXTH AFFIRMATIVE DEFENSE:**

105. At all times relevant to the acts alleged in the Second Amended Complaint, defendant, and its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. As a result, defendant is entitled to government immunity.

**SEVENTH AFFIRMATIVE DEFENSE:**

106. Plaintiff's claims may be barred, in whole or in part, because he may have failed to comply with conditions precedent to suit.

**EIGHTH AFFIRMATIVE DEFENSE:**

107. Defendants Morales, Hastings, Diaz, Dawkins Goron, Lattanzio, Apolinaris, Hawatmeh, Salem, Constantinou and Tobin, have not violated any clearly established

constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## **NINTH AFFIRMATIVE DEFENSE:**

108. Plaintiff provoked any incident.

## **TENTH AFFIRMATIVE DEFENSE:**

109. This action may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 28, 2020

      JAMES E. JOHNSON
      Corporation Counsel of the
        City of New York
      *Attorney for City of New York*

By: _____/s/_____
      Joseph Zangrilli
      *Senior Counsel*
      Special Federal Litigation Division
      New York City Law Department
      100 Church Street
      New York, New York 10007
      (212) 356-2657

Cc: (VIA ECF)
Rob Marinelli, Esq