UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------- x

MALIEK BROWN,

                                        Plaintiff,

-against-

CITY OF NEW YORK, P.O. LAUREN MORALES, P.O. MIKE HASTINGS, P.O. BRANDON DIAZ, P.O. ANDREW DAWKINS, P.O. COLIN GORDON, P.O. PAUL LATTANZIO, P.O. JULIO APOLINARIS, P.O. EMAD HAWATMEH, SGT.OSAMAH SALEM, P.O. MICHAEL CONSTANTINOU, Cpt. WILLIAM TOBIN, JOHN and JANE DOE 1 through 10, individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------- x

**ANSWER TO FOURTH AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY, MORALES, HASTINGS, DIAZ, DAWKINS, GORDON, LATTANZIO, APOLINARIS, HAWATMEH, SALEM, CONSTANTINOU AND TOBIN**

19-CV-1575 (NGG)(RML)

<u>Jury Trial Demanded</u>

        Defendants, City of New York, P.O. Lauren Morales, P.O. Mike Hastings, P.O. Brandon Diaz, P.O. Andrew Dawkins, P.O. Colin Gordon, P.O. Paul Lattanzio, P.O. Julio Apolinaris, P.O. Emad Hawatmeh, Sgt. Osamah Salem, P.O. Michael Constantinou and Cpt. William Tobin (hereinafter referred to as "Defendants"), by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for its Answer to the Fourth Amended Complaint filed May 9, 2021, respectfully alleges, upon information and belief, as follows:

        1. Deny the allegations in paragraph "1" of the Fourth Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations in paragraph "2" of the Fourth Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

3. Deny the allegations in paragraph "3" of the Fourth Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations in paragraph "4" of the Fourth Amended Complaint, except admit that plaintiff purports to base venue in this District as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Fourth Amended Complaint.

6. Deny the allegations in paragraph "6" of the Fourth Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

7. Deny the allegations in paragraph "7" of the Fourth Amended Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Fourth Amended Complaint.

9. Deny the allegations set forth in paragraph "9" of the Fourth Amended Complaint, except admit that P.O. Lauren Morales, P.O. Shanee Hansler, P.O. Joseph Palaguachi, Cpt. William Tobin, P.O. Mike Hastings, P.O. Brandon Diaz, P.O. Andrew Dawkins, P.O. Colin Gordon, P.O. Paul Lattanzio, P.O. Luke Repalone, P.O. Mohammed Uddin, P.O. Julio Apolinaris, P.O. Emad Hawatmeh, Sgt. Osamah Salem, P.O. Michael Constantinou, P.O. Kareem Phillips, P.O. James Herring, P.O. Freddie Salas, P.O. Salamon, P.O. Jeffrey Augustin, P.O. Juan Perez, Sgt. Dane St. Cyr, Police Attendant Joanna Joseph, Police Attendant Derek Alston, Lt. Daniel Iecampo and Police Attendant Marquese Jones were employees of the New York City Police Department from May 6, 2018 to May 13, 2018.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Fourth Amended Complaint

11. Deny the allegations in paragraph "11" of the Fourth Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, except state that the allegations that the defendants "were acting under color of state law and/or in compliance with the official rules, regulations, law, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York" is a legal conclusion to which no response is required.

12. Deny the allegations in paragraph "12" of the Fourth Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants, except state that the allegations that "the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK" is a legal conclusion to which no response is required.

13. Deny the allegations in paragraph "13" of the Fourth Amended Complaint, except admit that plaintiff was arrested on May 6, 2018 in the vicinity of 755 Broadway in Brooklyn for petit larceny.

14. Deny the allegations in paragraph "14" of the Fourth Amended Complaint as it relates to Morales, Palaguachi, Hansler, Dawkins and Diaz and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified defendants.

15. Deny the allegations in paragraph "15" of the Fourth Amended Complaint as it relates to the named defendants and deny knowledge or information sufficient to form a belief

as to the truth of the allegations regarding the unidentified defendants, except admit that on May 6, 2018 plaintiff was taken to the 83rd Precinct.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Fourth Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the Fourth Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Fourth Amended Complaint, except deny the allegations as it relates to the named defendant officers.

19. Deny knowledge or information sufficient to form a believe as to the the allegations in paragraph "19" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Hawatmeh, Salem, Phillips, Herrings, Salas, Salamon, Augustin, Perez, St. Cyr, Joseph, Iecampo, Jones and Alston.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Hawatmeh, Salem, Phillips, Herrings, Salas, Salamon, Augustin, Perez, St. Cyr, Joseph, Iecampo, Jones and Alston.

21. Deny knowledge or information to form a belief as to the truth of the allegations in paragraph "21" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Hawatmeh, Salem, Phillips, Herrings, Salas, Salamon, Augustin, Perez, St. Cyr, Joseph, Iecampo, Jones and Alston.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Fourth Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Hawatmeh, Salem, Phillips, Herrings, Salas, Salamon, Augustin, Perez, St. Cyr, Joseph, Iecampo, Jones and Alson.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Hawatmeh, Salem, Phillips, Herrings, Salas, Salamon, Augustin, Perez, St. Cyr, Joseph, Iecampo, Jones and Alson.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Fourth Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Fourth Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Hawatmeh, Salem, Phillips, Herrings, Salas, Salamon, Augustin, Perez, St. Cyr, Joseph, Iecampo, Jones and Alson.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Fourth Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Fourth Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Fourth Amended Complaint.

31. Deny the allegations in paragraph "31" of the Fourth Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Fourth Amended Complaint.

33. Deny the allegations in paragraph "33" of the Fourth Amended Complaint, except admit, on information and belief, that plaintiff was at Brooklyn Hospital from May 7, 2018 until May 11, 2018.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Gordon, Lattanzio and Repalone.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Fourth Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Fourth Amended Complaint, except admit that on information and belief, on May 11, 2018 plaintiff was discharged from Brooklyn Hospital.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Fourth Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Fourth Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the Fourth Amended Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Constantinou and Apolinaris.

41. Deny the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the Fourth Amended Complaint, except deny the allegations as it relates to Officers Constantinou and Apolinaris.

42. Deny the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the Fourth Amended Complaint.

43. Deny the allegations in paragraph "43" of the Fourth Amended Complaint, except admit that plaintiff was taken to Woodhull Medical Center on May 12, 2018.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the Fourth Amended Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the Fourth Amended Complaint, except deny the allegations as it relates to Officer Uddin and admit that plaintiff was at Woodhull Medical Center on May 12, 2018.

46. Deny the allegations in paragraph "46" of the Fourth Amended Complaint, except admit that on information and belief on May 12, 2018 plaintiff was released from Woodhull Medical Center and went to Brooklyn Central Booking.

47. Deny the allegations in paragraph "47" of the Fourth Amended Complaint, except admit that on information and belief plaintiff pled guilty to Disorderly Conduct on May 12, 2018.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "48" of the Fourth Amended Complaint.

49. Deny the allegations in paragraph "49" of the Fourth Amended Complaint.

50. Deny the allegations in paragraph "50" of the Fourth Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the Fourth Amended Complaint.

52. Deny the allegations in paragraph "52" of the Fourth Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53" of the Fourth Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "54" of the Fourth Amended Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "55" of the Fourth Amended Complaint.

56. Deny the allegations in paragraph "56" of the Fourth Amended Complaint.

57. Deny the allegations in paragraph "57" of the Fourth Amended Complaint.

58. Deny the allegations in paragraph "58" of the Fourth Amended Complaint.

59. Deny the allegations in paragraph "59" of the Fourth Amended Complaint.

60. Deny the allegations in paragraph "60" of the Fourth Amended Complaint.

61. Deny the allegations in paragraph "61" of the Fourth Amended Complaint.

62. Deny the allegations in paragraph "62"of the Fourth Amended Complaint.

63. Deny the allegations in paragraph "63" of the Fourth Amended Complaint.

64. Deny the allegations in paragraph "64" of the Fourth Amended Complaint, except state that "carried out under the color of state law" is a legal conclusion to which no response is required.

65. Deny the allegations in paragraph "65" of the Fourth Amended Complaint

66. Deny the allegations in paragraph "66" of the Fourth Amended Complaint, except state that "in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto" is a legal conclusion to which no response is required.

67. Deny the allegations in paragraph "67" of the Fourth Amended Complaint.

68. Deny the allegations in paragraph "68" of the Fourth Amended Complaint, except state that "while acting under the color of state law" is a legal conclusion to which no response is required.

69. Deny the allegations in paragraph "69"of the Fourth Amended Complaint.

70. Deny the allegations in paragraph "70"of the Fourth Amended Complaint.

71. In response to the allegations in paragraph "71" of the Fourth Amended Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

72. Deny the allegations in paragraph "72" of the Fourth Amended Complaint.

73. Deny the allegations in paragraph "73" of the Fourth Amended Complaint.

74. In response to the allegations in paragraph "74" of the Fourth Amended Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

75. Deny the allegations in paragraph "75" of the Fourth Amended Complaint.

76. Deny the allegations in paragraph "76" of the Fourth Amended Complaint.

77. Deny the allegations in paragraph "77" of the Fourth Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

78. In response to the allegations in paragraph "78" of the Fourth Amended Complaint, defendant repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

79. Deny the allegations in paragraph "79 of the Fourth Amended Complaint.

80. Deny the allegations in paragraph "80" of the Fourth Amended Complaint.

81. Deny the allegations in paragraph "81" of the Fourth Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

82. In response to the allegations in paragraph "82" of the Fourth Amended Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

83. Deny the allegations in paragraph "83" of the Fourth Amended Complaint.

84. Deny the allegations in paragraph "84" of the Fourth Amended Complaint.

85. Deny the allegations in paragraph "85" of the Fourth Amended Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "86" of the Fourth Amended Complaint.

87. Deny the allegations in paragraph "87" of the Fourth Amended Complaint.

88. Deny the allegations in paragraph "88" of the Fourth Amended Complaint.

89. Deny the allegations in paragraph "89" of the Fourth Amended Complaint.

90. Deny the allegations in paragraph "90" of the Fourth Amended Complaint, except state that "acting under color of state law" is a legal conclusion to which no response is required.

91. Deny the allegations in paragraph "91" of the Fourth Amended Complaint.

92. In response to the allegations in paragraph "92" of the Fourth Amended Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

93. Deny the allegations in paragraph "93" of the Fourth Amended Complaint, except state that "acting under the color of state law" is a legal conclusion to which no response is required.

94. Deny the allegations in paragraph "94" of the Fourth Amended Complaint.

95. Deny the allegations in paragraph "95" of the Fourth Amended Complaint.

96. Deny the allegations in paragraph "96" of the Fourth Amended Complaint.

97. Deny the allegations in paragraph "97" of the Fourth Amended Complaint.

98. Deny the allegations in paragraph "98" of the Fourth Amended Complaint.

99. Deny the allegations in paragraph "99" of the Fourth Amended Complaint.

100. Deny the allegations in paragraph "100" of the Fourth Amended Complaint, except state that "acting under the color of state law" is a legal conclusion to which no response is required.

101. Deny the allegations in paragraph "101" of the Fourth Amended Complaint.

102. Deny the allegations in paragraph "102" and all subparts of the Fourth Amended Complaint.

103. Deny the allegations in paragraph "103" of the Fourth Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

**FIRST AFFIRMATIVE DEFENSE**

104. The Fourth Amended Complaint fails to state a claim upon which relief

can be granted.

## SECOND AFFIRMATIVE DEFENSE:

105. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

## THIRD AFFIRMATIVE DEFENSE:

106. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE:

107. Plaintiff has failed to mitigate his alleged damages.

## FIFTH AFFIRMATIVE DEFENSE:

108. Plaintiff's claims may be barred, in whole or in part, because he may have failed to comply with conditions precedent to suit.

## SIXTH AFFIRMATIVE DEFENSE:

109. Defendants Morales, Hastings, Diaz, Dawkins Gordon, Lattanzio, Apolinaris, Hawatmeh, Salem, Constantinou and Tobin, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE:

110. Plaintiff provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

111. At all times relevant to the acts alleged in the complaint, defendants, and their agents and officials, acted reasonably in the proper and lawful exercise of their discretion. As a result, defendants are entitled to governmental immunity.

**WHEREFORE,** Defendants, City of New York, Morales, Hastings, Diaz, Dawkins, Gordon, Lattanzio, Apolinaris, Hawatmeh, Salem, Constantinou and Tobin request judgment dismissing the Fourth Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 24, 2021

JAMES E. JOHNSON
Corporation Counsel of the
 City of New York
*Attorney for Defendants*

By: \_\_\_\_/s/_____
Joseph Zangrilli
*Senior Counsel*
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-2657

Cc: Rob Marinelli, Esq. (VIA ECF)